IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGE LOCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:04-cv-1214-MEF |
| | ) | |
| CITY OF MONTGOMERY, *et al.,* | ) | (WO- Not Recommended for Publication) |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on the Motion for Judgment on the Pleadings (Doc. # 13) filed by Defendants Willie Peak ("Peak") and William Manasco on November 23, 2005. The motion is unopposed. Having reviewed the Complaint (Doc. # 1) and the applicable law, the Court is persuaded that the motion is due to be GRANTED.

Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116-17 (11th Cir. 1999). The Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* at 1117.

In this action, George Lockett ("Lockett") brings claims against his employer, the City of Montgomery for alleged discrimination on the basis of his race. All of Lockett's claims are brought pursuant to Title VII of the Civil Rights Act of 1964. In addition to naming his employer as a defendant to this action, Lockett also named Peak and Manasco in their official

capacities.[1]  Under the circumstances of this case, the claims against Peak and Manasco are duplicative.  Accepting the facts in the complaint as true and viewing them in the light most favorable to Lockett, the Court finds that under any set of facts that could be proved consistent with the allegations it would not be possible for Lockett to recover damages or obtain relief from Peak and Manasco, in their official capacities, any different from the damages or relief he could obtain from their co-defendant, the City of Montgomery.  *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991); *Wallace v. City of Montgomery,* 956 F. Supp. 965, 976 (M.D. Ala. 1996); *Lynn v. United Techs. Corp., Inc.,* 916 F. Supp. 1217, 1219 (M.D. Ala. 1996), *Bahadirli v. Domino's Pizza,* 873 F. Supp. 1528, 1534 (M.D. Ala. 1995).

Accordingly, the Motion for Judgment on the Pleadings (Doc. # 13) filed by Defendants Willie Peak ("Peak") and William Manasco is GRANTED and all claims against them are DISMISSED.

DONE this the 24th day of January, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Peak is alleged to be employed by the City of Montgomery as the Mayor's Assistant. Manasco is alleged to be employed by the City of Montgomery as the City Engineer.