IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE LOCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )         CASE NO. 2:04-cv-1214-MEF |
| | ) (WO- Not Recommended for Publication) |
| CITY OF MONTGOMERY, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 17, 2006, this court granted the Motion for Summary Judgment filed in this case by Defendant City of Montgomery and dismissed all of Plaintiff George Lockett's claims. (Doc. # 33 & 34). That ruling was based in part on *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004), *cert. denied* 126 S. Ct. 478 (2005). On February 21, 2006, the United States Supreme Court declared some of the language in *Cooper* to be unhelpful and imprecise. *Ash v. Tyson Foods, Inc.,* 126 S. Ct. 1195, 1197-98 (Feb. 21. 2006). While the Supreme Court declined to provide much guidance on the appropriate language or standard to be applied to cases in which an employment discrimination plaintiff seeks to show that an employer's legitimate, nondiscriminatory reason for its action was a pretext for discrimination through evidence relating to the relative qualifications of the plaintiff and another employee treated more favorably, it did reject specific language from *Cooper* on that issue which this court had quoted in its ruling on February 17, 2006. *Id.*

On March 6, 2006, this matter came before the court on Plaintiff's Motion for

Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Doc. # 35). In this motion, Plaintiff made no reference to the *Ash* case but, he did argue that the certain evidence before the court established a jury question on the issue of pretext. The court directed both parties to brief the issues raised by the motion and to specifically address the ramifications of the *Ash* decision.

For the reasons set forth in this Memorandum Opinion and Order, the court finds that the motion to reconsider is due to be DENIED to the extent that it seeks an order vacating the summary judgment entered in Defendant's favor. The court is persuaded that the evidence before it, when viewed in the light most favorable to Plaintiff and analyzed pursuant to the appropriate legal standards in the wake of the *Ash* case, is insufficient to create a basis for a reasonable jury to find that the proffered legitimate, non-discriminatory reason for the promotion of David Hatcher, instead of Plaintiff, to Assistant Solid Waste Superintendent of the Montgomery Landfill was a pretextual.

This case arises out of the failure to promote Plaintiff to the position of Assistant Solid Waste Superintendent at the Montgomery Landfill. After the City of Montgomery promoted Noah Johnson ("Johnson"), an African-American male, from Assistant Solid Waste Superintendent to Solid Waste Superintendent, the Assistant Solid Waste Superintendent position became vacant. According to Plaintiff and his mother,[1] Johnson designated[2]

---

[1] Plaintiff's mother is also employed at the Montgomery Landfill.

[2] It is undisputed that Johnson did not have the power to formally designate Plaintiff as Acting Assistant Solid Waste Superintendent without the approval of Willie Peak. It is

2

Plaintiff as Acting Assistant Solid Waste Superintendent. For purposes of this motion, the Court accepts those statements as true, as it did when it initially considered the merits of Defendant's Motion for Summary Judgment. Indeed, Plaintiff has presented evidence that for more than a year he attended meetings as Acting Assistant Solid Waste Superintendent and performed other functions and duties of the Assistant Solid Waste Superintendent position. During this period, Plaintiff occupied an office which Johnson had used when he was Assistant Solid Waste Superintendent. The court finds that this evidence establishes that Plaintiff had obtained on the job experience in performing some of the tasks required of the Assistant Solid Waste Superintendent. Plaintiff argues that this evidence also establishes pretext.

Plaintiff urges this court to find that Defendant violated its own policies by making him serve in a "temporary" appointment to the position of Assistant Solid Waste Superintendent for more than ninety days and by failing to give him the position at the end of the ninety days. Plaintiff contends that because he had a temporary appointment to the position, the position should have been his at the end of ninety days without a competitive search and that the City of Montgomery's search was a rejection of him.

Rule VII, Section 8 of the City-County of Montgomery Personnel Rules and Regulations, as set out by Acts of Alabama 2280 §§ c & d (1971) provides that:

> In absence of appropriate employment lists, appointing

---

also undisputed that Peak did not give this approval.

> authorities may make a temporary appointment of a person who is approved by the Personnel Director as being qualified to perform the work of the class. An employment list shall be established for such position within ninety (90) days. Temporary appointments shall be terminated at the end of ninety (90) days or as such time as an appointment can be made from an eligible register, whichever comes first. No person shall receive more than one temporary appointment, in any fiscal year. No credit shall be allowed in the giving of any examination of any employment or promotional lists for service rendered under temporary appointment. Temporary employees cannot be promoted or upgraded.

First, Plaintiff argues that he received a temporary appointment to the position of Assistant Solid Waste Superintendent. Next, he argues that pursuant to the applicable policies the failure to terminate his temporary appointment at the end of ninety days constitutes a violation of the policy. Of course, this argument overlooks several key provisions of the policy. First, only an appointing authority can make a temporary appointment, and the appointing authority can only do so with the approval of the Personnel Director. Second, the policy clearly provides that in some circumstances temporary appointments can be extended beyond ninety days. Finally, nothing in the text of this Rule supports Plaintiff's contention that if an employee is given a temporary appointment, the City must hire them for the position at the end of ninety days.

Plaintiff's evidence, when viewed in the light most favorable to him, establishes only that the Solid Waste Superintendent made Plaintiff his "Acting Assistant Solid Waste Superintendent" and that Plaintiff performed as "Acting Solid Waste Superintendent" for several months. It is undisputed that the Mayor is the sole appointing authority. There is no

evidence from which a reasonable jury could find that the Mayor made a temporary appointment of Plaintiff pursuant to the policy on which he relies. There is similarly no evidence from which a reasonable jury could find that the Personnel Director approved any temporary appointment of Plaintiff to that position. Accordingly, there is no evidence from which a reasonable jury could find that Plaintiff was given a temporary appointment or that he was left in a temporary appointment in violation of Rule VII, Section 8 of the City-County of Montgomery Personnel Rules and Regulations, as set out by Acts of Alabama 2280 §§ c & d (1971). Even assuming *arguendo* that Plaintiff had been given a temporary appointment, his argument still fails as there is nothing in the City's rules that requires it to fill positions by hiring a person in a temporary appointment. To the contrary, the Rule VII, Section 8 clearly envisions a competitive search process using an employment list after a temporary appointment.

Plaintiff also argues that the record as a whole, which he contends establishes his superior qualifications for the Assistant Solid Waste Superintendent position is sufficient to show that he has created a genuine issue of material fact with respect to whether the City of Montgomery's legitimate, non-discriminatory reasons proffered for the decision to promote Hatcher to Assistant Solid Waste Superintendent are a pretext for discrimination. The court does not agree. It is true that qualifications evidence may suffice, at least in some circumstances to show pretext. *See Ash,* 126 S. Ct. at 1197. Nevertheless,

> a plaintiff cannot establish pretext simply by demonstrating that they are more qualified than the non-protected class individual

5

>who was promoted in [his] stead. *Cooper,* 390 F.3d at 744. "The relevant issue is not whom we would determine to be be better qualified for the job...we do not sit in judgment of the wisdom of the employer's selection." *Id.* (citing *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991)). Rather, [a plaintiff] must demonstrate that the disparity in qualifications between [himself] and the white candidate[] who obtained [the] supervisory position [is] of "such weight and significance that *no reasonable person,* in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question. *Id.* (citing *Lee,* 226 F.3d at 1254) (emphasis added).

*Williams v. Fresenius Med. Care N. Am., Inc.,* Civ. 04-632-BH-C, 2006 WL 640515, *2 (S.D. Ala. Mar. 9, 2006). *Accord, Drakeford v. Alabama Coop. Extension Sys.*, No. Civ. A. 3:03cv1201-WHA, *2-*3 (M.D. Ala. Apr. 6, 2006); *Haley v. Potter,* No. Civ. A. 2:03cv398-SRW, 2006 WL 861350, *2-*5 (M.D. Ala. Mar. 31, 2006). The evidence before this court, when viewed in the light most favorable to Plaintiff, fails to establish that any disparity between Plaintiff's qualifications and those of Hatcher were of such weight and significance that *no reasonable person,* in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question. As this court previously held, the record as a whole, even when viewed in the light most favorable to Plaintiff, compels the conclusion that Plaintiff has failed to create a genuine issue of material fact, using any of the recognized means for doing so, with respect to whether the legitimate, non-discriminatory reasons proffered for the decision to promote Hatcher to Assistant Solid Waste Superintendent was a pretext for race discrimination.

For the foregoing reasons, the court does not find that its previous order granting

summary judgment for Defendant to be incorrect.  Therefore, upon reconsideration the court upholds its previous order granting the Defendant's Motion for Summary Judgment. Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Doc. # 35) is DENIED to the extent that it seeks an order vacating the summary judgment entered in Defendant's favor.

    DONE this the 1st day of May, 2006.

                                               /s/ Mark E. Fuller
                                       CHIEF UNITED STATES DISTRICT JUDGE